

MIED (Rev 5/13) General Civil Complaint

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

LARRY MEITZNER
44496 STERRITT
STERLING HEIGHTS, MI
        48314

Plaintiff(s),

v.

CITY OF STERLING HGTS, MI
40555 UTICA ROAD
STERLING HEIGHTS, MI
    48313          Defendant(s).

_____/

Case: 2:21-cv-12169
Judge: Drain, Gershwin A.
MJ: Stafford, Elizabeth A.
Filed: 09-11-2021 At 01:17 PM
CMP LARRY MEITZNER V STERLING HEIGHTS (S

## COMPLAINT

I.  Defendant(s).  Print the full name for each defendant.  If there are more defendants, use additional pages to provide their names.

### Name of Defendant(s)

1. CITY OF STERLING HEIGHTS, MI THRU ITS ADMINISTRATIVE STAFF LED BY

2 CITY MANAGER, MARK VANDERPOOL

II.  Statement of claim.  Briefly state the facts of your case.  Describe how each defendant is involved, and exactly what each defendant did, or failed to do.  Include names of any other persons involved, dates, and places.  You may use additional paper if necessary.

THE CITY, THRU ITS AGENTS, HAS VIOLATED THE PLAINTIFF'S RIGHTS UNDER THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH

AMENDMENT. To wit: (1) THE CITY HAS ASSIGNED DIFFERENT ASSESSMENT PROCEEDURES FOR PROPERTY TAXATION WITHIN THE SAME CLASSIFICATION — 401 RESIDENTIAL; (2) THE CITY HAS ESTABLISHED AN INSPECTION PROGRAM FOR NON-HOMESTEAD PROPERTY WHICH DOES NOT APPLY TO HOMESTEAD PROPERTY. MR. VANDERPOOL, AS CITY MANAGER IS INCLUDED FOR HIS REFUSAL TO ADDRESS PLAINTIFF'S ISSUES. 42 Sec 1983 "EVERY PERSON WHO, . . ."

III.   Relief.   Briefly state exactly what you want the court to do for you.

THE PLAINTIFF ASKS THE COURT TO HOLD THE DEFENDANT (1) LIABLE FOR DAMAGES: $5,135 IN COMPENSATORY/RESTITUTION; ($3,300 FOR PRIOR EXCESSIVE TAXES, $400 FILING FEE, 135 INSPECTION FEE $300 COST OF TRIP TO S.H., $1000 MENTAL ANGUISH*); $25,000 PUNITIVE DAMAGES;** DISCONTINUE PRACTICE OF SEPERATE LEVELS OF TAXATION. (THE UNITED STATES SUPREME COURT HAS HELD THAT THE TAXING AUTHORITY ADJUST

MIED (Rev.5/13) General Civil Complaint

THE RATES TO BRING ALL WITHIN A
CLASS IN LINE. )

IV.   Additional Information. – Briefly enter any additional information, you may use additional paper.

1.) PLAINTIFF SEEKS $1000 COMPENSA-
TORY DAMAGE AGAINST MARK VANDER-
POOL IN HIS OFFICIAL CAPACITY *

2.) THE CITY HAS NO PLAN TO DETERMINE IF
THE DWELLING IS OWNER OCCUPIED. THE
OWNER IS EXEMPT IF HE OWNS A HOME-
STEAD WITHIN THE CITY.

V.   Demand for Jury Trial.   Check this box if you want your case to be decided by a jury, instead of a judge.

☐   Plaintiff demands a jury trial on all issues.

Dated: _____

*Larry Meitzner* (signature)
Plaintiff's Signature

LARRY MEITZNER
Plaintiff's Printed Name

44496 STERRITT
Street Address

STERLING HGTS, MI   48314
City, State, Zip Code

(989) 351-8204
Telephone Number

N/A
E-mail Address

* SEE: GUZMAN, PP. 10-11. KING, P. 13
** PAYABLE TO SCHOLASTIC ENDOWMENT 501(C)(3)
OF PLAINTIFF'S CHOICE

# I.

## A.

1. As held by the United States Supreme Court in *Brandon v. Holt*, Mr. Vanderpool

was advised of the proposed action against the City, through Plaintiff's contact

with City staff. This includes an attempt at personal contact at the Sterling Heights

City Hall on or about May 6, 2021.  The Plaintiff left a packet of papers which

outlined the proposed action when contact with Mr. Vanderpool was denied.

   Attempted contact with Marc D, Kaszubski, the City Attorney, by calling

(586)  726 – 1000 also was rebuffed, even when deadline of May 13, 2021 for

a response was issued.  The Plaintiff has taken more than reasonable effort to

resolve his differences with the City, but they have shown no effort to respond,

prompting this action.

   Mr. Vanderpool, as City Manager, is named by virtue of his job description on

the City's web site: "As the City's Chief Administrative Officer, the City Manager is

ultimately responsible for all operations of the municipal corporation."

   "Rather, the statute [42 Sec. 1983] imposes liability upon 'every person . . .

who under color of state law or custom 'subjects . . . to the deprivation of any rights,

privileges or immunities secured by the constitution and laws.' "

**1 / 13**

# B.

2.  The City sent a letter of an upcoming (exterior only) inspection of the Sterritt

    address, to be repeated every two years at a cost of $135.  This inspection would be

    canceled if the owner occupied the dwelling, or if the owner held title to a residence

    in the city; hence the inequality.

    > "Our cases have recognized successfully equal protection claim brought
    >
    > by a 'class of one,' where the plaintiff, alleges that she has been intentionally
    >
    > treated differently from others similarly situated and that there is no rational
    >
    > basis for the difference in treatment."

    > *Village of Willowbrook v. Olech* 528 U. S. 562 (2000)

    The City assesses an additional millage as a school tax that it does not assess to

owner occupied dwellings in the same (401 residential) classification.

    > "The purpose of the equal protection clause of the Fourteenth Amendment is
    >
    > to secure every person within the state's jurisdiction against intentional and
    >
    > arbitrary discrimination, whether occasioned by express terms of a statute or
    >
    > by improper execution thru duly constituted agents. And it must be regarded

as settled that intentional systematic undervaluation by state officials of other

taxable property in the same class contravenes the constitutional right of one

taxed on the full value of his property.

*Raymond v. Chicago Union Traction Co.*  207 U. S. 20

"The very next year a diligent and, so far as appears, successful effort was made

to rectify any inequality."

*Sunday Lake Iron Co. v. Township of Wakefield*  247 U. S. 350 (1918)


'The rule is now settled by a recent decision of this court that, when property

is assessed at its true value, and other property in the district is assessed below

its true value, the proper remedy is to have the property assessed below its true

value raised . . ".

*Sioux City Bridge Co. v. Dakota County* 260 U. S. 441 (1923)


"But he Clause requires that such general adjustments be accurate enough to

obtain, over a short period of time, rough equality in tax treatment of similarly

situated property owners."

*Allegheny – Pittsburgh Coal Co. v. County Comm'n* 488 U. S. 336  (1989)

**3 / 13**

## C.

*Monell* [*v. New York City Dept. of Social Services*] held that "a local government may

not be sued under 1983 for an injury inflicted solely by its employees or agents.

Instead, it is when execution of a government's policy or custom, whether made by its

lawmakers or by those whose edicts or acts may fairly be said to represent official policy,

inflicts the injury that the government as an entity is responsible under 1983."

*Owen v. City of Independence*  445 U. S. 622, 634 (1980)

How "uniquely amiss" it would be, therefore, if the government itself – "the social

organ to which all in our society look for the promotion of liberty, justice, fair and equal

treatment, and the setting of worthy norms and goals for social conduct" – were

permitted to disavow liability for the injury it has begotten.  See Adickes v. Kress & Co.

398 U. S. 144, 190 (1970) (opinion of BRENNAN, J.)  A damage remedy against the

offending party is a vital component of any scheme for vindicating cherished consti-

tutional guarantees, and the importance of assuring its efficacy is only accentuated

when the wrongdoer is the institution that has been established to protect the very

rights it has transgressed.

*Owen* at 652

**4 / 13**

# II.
# PUNITIVE DAMAGES

Punitive damages are an appropriate means of punishing such conduct and deter-

ring defendants from future racially discriminatory actions.  See *White v. Washington*

*Pub. Power Supply Sys.,* 692 F.2 1286, 1290 (9th Cir 1982); *Allen v. Amalgamated Transit*

*Union,* 554 F.2d 876, 883-84 (8th Cir 1977).  The trial court told the jury that it should

award punitive damages if it concluded that "defendants acted in such an outrageous or

wanton or oppressive manner in conscious and deliberate disregard for the rights of

others."

   *Brown v. Freedman Baking Company* 810 F.2d 6


A person who establishes a cause of action under 42 U. S. C. sec. 1981 is entitled

compensatory damages, *Johnson v. Railway Express Agency,* 421 U. S. 454. 459-60;

*Allen v. Amalgamated Transit Union Local 788,* 554F. 2d 876 (8th Cir.); *Claiborne v.*

*Illinois Central Railroad,* 401 F. Supp. 1022 (E.D. La. 1975)

The rule in civil rights cases for recovery of punitive damages is that the defendant

must have exhibited oppression, malice, gross negligence, willful or wanton mis-

**5 / 13**

conduct, or a reckless disregard for the civil rights of the plaintiff.  *Guzman v. Western State Bank of Devils Lake,* 549 F.2d 948 (8th Cir 1976) (decided under 42 U. S. C. Sec 1983); *Bishop v. Pecsok,* 431 F. Supp. 34 (N.D. Ohio)(decided under Civil Rights Act of 1968); *Mitchel v. Chester County Farms Prison,* 426 F. Supp. 271, (E.D. Penn, 1976) (decided under 42 U. S. C. Sec. 1983).

> *Darensbourg V. Dufrene* 406 F. Supp. 662 (1978)

As we stated in *Freedman Baking Co.,* "[p]unitive damages are an appropriate means of punishing racially discriminatory conduct and deterring defendants from further discriminatory actions.

The jury awarded Sandra Hall $5,000 in compensatory and $10,000 punitive damages, assessed against defendant Judge.  This relatively small award comports with the substantially lesser harm done to Sandra as compared to her father, and illustrates the care the jury used in apportion the damage justly.

> *Hall v. J. Ochs* 817 F. 2d 920 (1987)

Such relief [punitive damages] may be awarded where the defendant has acted willfully and in gross disregard for the rights of the of the complaining party.  *Lee v.*

*Southern Homes,* 429 F. 2d 290 (5th Cir 1970); *Roberts v. Pierce,* 398 F. 2d 954 ( 5th Cir.

1968), or where they behaved in in bad faith, or for an improper motive. *Caperci v.*

*Hutton,* 397 F. 2 799 (1st Cir. 1968).

This position [failure to allege] assumes far to narrow a view of the circumstances

in which punitive damages are available in section 1983. Such relief may be awarded

where the defendants have acted willfully and in gross disregard for the rights of the

complaining party.

> *Mitchell v. Chester County* 426F. 2d 271 (E.D. Pa 1976).

. . and where allowed, they are awarded as matter of public policy to punish out-

rageous conduct . . . or to deter similar conduct in the future. . . . and the court agrees.

> *McKinnon v. Kwong Wah Restaurants,*  83 F. 3d 498

> *Powell v. City of Pittsfield,* 221 F. 2d 119 (2002)

. . . whether the punitive damages were appropriate based on (1) the degree of

reprehensibility of the conduct; (2) the disparity between the actual harm and the

punitive damages; (3) the difference between the punitive damages and civil penalties

**7 / 13**

allowed in similar cases.

*Philip Morris v. Williams,* 549 U.346 (2007)

# III.

The touchstone of due process is freedom from arbitrary government action.

*Wolff [v. McDonnel]* 418 U. S. 539 at 558

Citing *Dent v. West Virginia* 129 U. S. 114, 123 (1889)

No trustee has more sacred duties than a public official and any scheme to obtain

an advantage by corrupting such and one must in the federal law be considered a

scheme to defraud.

*Shushan v. United States* 117 F. 2d 110, 115

However, as pointed out in various law review articles, the concept of "state

action" has been greatly expanded in recent years.

To satisfy the requirement of "state action" in this case, the plaintiff points to

Mississippi Code Sec.2046.5 (1956) which provides . . . 1. Every person . . .

*Adickes v. S. H. Kress* 252 F. Supp. 140 (1966)

At a minimum a plaintiff must show that the official at least implicitly authorized,

**8 / 13**

officers.

The courts look for some proof that a defendant has a culpable state of mind –

that the action or failure to act was to some degree deliberate rather than

inadvertent.

Historically, damages have been regarded as the ordinary remedy for an invasion of

personal interests in liberty.  *Nixon v. Condon* 286 U. S. 73 (1932); Cited *Bivens v. Six*

403 U.S. 388, 396 (19171)

*Clinton v. Jones*[1] 117 S.Ct.1636 (1997)

[1]  The original lawsuit was for $87,500.  The parties settled out-of-court for $875,000.

To punish and deter . . . sanction for defendant's conduct and to ensure that such

conduct would not be repeated in the future.

*City of Newport v. Fact Concert, Inc.* 101 S. Ct. 2759 (1981)

# IV.

# Compensatory Damages

## 9 / 13

Monell relied in part on the Dictionary Act, which explicitly provided that "the word 'person' extend and be applied to bodies politic and corporate.  Since municipal corporations were generally regarded as "persons" in the 1860s, when the Civil Rights Act was passed, they were held to be "persons" within the reach of Sec. 1983, the current embodiment of the Civil Rights Act.

. . .; a Sec. 1983 plaintiff suing a government defendant must allege and prove the existence of a policy or custom of violating individuals' rights.  See *Monell*, 436 [U. S. 658,] at 691-92; *Pembaur v. City of Cincinnati*, 475 U. S. 469, 477-81.  [ See attached Sterling heights correspondence. ]

Title 42 U. S. C. Sec. 1983 does not permit even supervisory personal to perform their duties in a way that causes constitutional deprivations without requiring them to answer in money damages.

*Duchesne v. Sugarman* 566 F. 2d 817 (1977)

Compensatory damages awarded in a Sec. 1983 case are not limited to the out-of-pocket percuniary loss the plaintiff suffered.  They can be awarded for emotional and mental distress even though no actual damages are proven.

**10 / 13**

Punitive damages may also be awarded in civil rights action where the defendant

exhibits oppression, malice, gross negligence, willful or wanton misconduct, or a reckless

disregard for the civil rights of the plaintiff.

*Guzman v. Western State Bank* 540 F. 2d 948


Although we of course adhere to the that principle we nonetheless recognize that

there may be circumstances, such as exist here, where bad faith may be found under Sec.

1983 even though a defendant act pursuant to a presumptively valid statute.  . . . but,

where his acts are oppressive and in reckless disregard of another person's

constitutional rights, he can still be liable under Sec. 1983 for his misconduct.

Citing *Wood v. Strickland*  420 U. S. 308

*Guzman,* supra.


Petitioner's complaint, like most prisoner complaints filed in the Northern District

of Illinois, was not prepared by counsel.  "It is a settled law that the allegations of such

complaints, 'however inartfully pleaded' are held to less stringent standards than formal

pleadings drafted by lawyers . . .  "   Citing *Haines v. Kerner* 404 U. S. 519 (1972)

*Hughes v. Rowe* 449 U. S. 5 (1980)

**11 / 13**

Dismissal of complaints under the civil rights statutes are scrutinized with special

care. *Westlake v. Lucas* 537 F.2d 857 (**6th Cir.** 1976).

See *Azar v. Conley* 456 F. 2d 1382; *Lucarell v. McNair* 453 F. 2d 836

The District Court, after a bench trial, entered judgment for respondents.  The Court of

Appeals ultimately affirmed . . .   Nevertheless, all the respondents, including the city, were

entitled to qualified immunity.

Held: A municipality has no immunity from liability under 1983 flowing from its

constitutional violations.

*Owen v. City of Independence* 445 U. S. 622 (1980)

In *Monell* . . . the Court held that local governments "can be sued directly under Sec.

1983 for monetary , declaratory, or injunctive relief where . . .  the action that is alleged to

be unconstitutional implements or executes a policy statement, ordinance, regulation

or decision officially adopted and promulgated by that bodies officers."

*Rheurk v. Shaw* 436 U. S. 658

Story reasoned that "[t]he law tolerates no farther inquiry than whether there has

**12 / 13**

been the violation of a right."

*Uzuegbunam v. Preczewski* 592 U. S. _____ (2021).

The prevailing rule at common law was that a party whose rights are invaded can

always recover nominal damages without furnishing evidence of actual damage.

*Uzuegbunam, supra.*

The damages [ $1,000 ] were meant to compensate King, a former state inmate, for

emotional distress he suffered as a result of constitutionally defective procedures used

by Wells and Christiansen during a prison disciplinary hearing.

*King v. Wells* 760 F.2d 89 (1985)

# V.

Should the parties reach a settlement before the 21-day response time,

this complaint will be withdrawn.

Larry Meitzner

" . . . and justice for all.    "

A K A Stinkhound

**13 / 13**

# City Administration

## Mission

To effectively and efficiently manage the delivery of City services in accordance with the guidelines and policies established by the Mayor and City Council.

## City Manager

As the City's Chief Administrative Officer, the City Manager is ultimately responsible for all operations of the municipal corporation.

The Manager's work can be summarized into 5 distinct categories including organizational, fiscal, physical plant management, program development and follow-through, and long-range planning. Each requires daily planning and organizing of ongoing programs and services.

The City Manager is responsible for creating new and innovative City programs and services. Public policy issues are researched and analyzed in anticipation of future needs and problems. Maintaining good relations with the Mayor and City Council is an important aspect of this office. This involves maintaining effective communications, and being available to the City Council. This office must present an image that conveys vitality, professionalism, and quality service to private agencies, organizations, groups, and residents.

## Finance & Budget

The City's finance and budget function is also located in this office. The Finance and Budget

# Bismarck Township, Assessing Office

P.O. Box 25, Rogers City, Mi  49779
989-734-3555

ılıılıllılıılıllılıllılıllılıllıllıllılılıllılıllı  4-982
Meitzner James Et Al
44108 Highgate Dr
Clinton Twp, MI  48038-1483

| Tuesday, March 23, 2021 |
| Parcel: 041-001-000-100-00, |
| Address: 3698 GROSSMAN RD |

Dear Property Owner,

The purpose of this letter is to inform you that the Township is undergoing a reinspection program.  The program is recommended by the Michigan State Tax Commission and entails that we inspect all parcels throughout the Township in a 5-year period and continue inspection individual parcels approximately every 5 years.  The inspection is to ensure that the details regarding your property are accurate.  During the inspection process, we will be taking <u>exterior</u> measurements and photos of all improvements to the property.  <u>An interior inspection is not being requested, will not be requested, and is not required.</u>

The reason for implementing this process is to ensure fair property evaluation and property taxation.  If we do not have the correct data, your assessment may be based on inaccurate information.  This is why we are in the process of the verifying our data to make sure all property is accurately measured and assessed, therefore resulting in uniformity throughout the township.

Our field staff will be visiting your property during 2021 between spring and fall.  Unfortunately, because we are not able to predict the weather or the amount of time needed at each property, it is not feasible to make appointments.  Staff normal workhours are Monday-Saturday from 8am to 6pm.  During an inspection, staff will arrive at your property, knock at your door to explain this process, and explain to whoever answers the door the above process.  If nobody is available, a letter will be left on the premises with the current date and the inspection will continue.  Staff will measure the improvements on the property and take updated photos.

It is your right to refuse inspection **(must be in writing)**.  Keep in mind, it may be difficult to appeal the items listed on your property record card if you refuse an inspection.  If at any time a taxpayer wishes to refuse inspection, please notify the field staff at the time of the inspection and the inspection will be terminated immediately.  If you wish to refuse the inspection in advance, please fill out the form on the reverse of this letter and return to the Assessing Office **(note due date)** as soon as possible so that we may remove you from our list and note your refusal on your property record card.

Our staff will be instructed to practice safe social distancing, remaining 6 feet from any individuals, and having minimal interaction to the extent possible.  We ask for everyone's understanding for your safety and the safety of our staff.  If there are questions, please direct them in advance or after staff leaves the property.  Remember, inspections are EXTERIOR only and in an outside environment.

**If you are uncomfortable with this process due to COVID-19, please complete the refusal form. No phone call is necessary.  A field inspection will automatically be completed unless a refusal is received.**

We appreciate your cooperation throughout this process.  If you have any questions, please feel free to contact the Assessor's Office with the contact information on the reverse of this letter.

CALL ME AFTER YOU'VE
READ THIS



**CITY OF**
## Sterling Heights

InnovatingLiving

**Richard J. Notte Sterling Heights City Center**
City Hall
40555 Utica Rd. | P.O. Box 8009
Sterling Heights, MI | 48311-8009

**City Council**

| | |
|---|---|
| *Mayor* | Michael C. Taylor |
| *Mayor Pro Tem* | Liz Sierawski |
| *Councilwoman* | Deanna Koski |
| *Councilman* | Michael V. Radtke Jr. |
| *Councilwoman* | Maria G. Schmidt |
| *Councilman* | Henry Yanez |
| *Councilwoman* | Barbara A. Ziarko |

**City Manager** Mark D. Vanderpool

**TEL** 586.446.CITY (2489) **FAX** 586.276.4077
cityhall@sterling-heights.net | www.sterling-heights.net
facebook.com/cityofsterlingheights | twitter.com/sterlingheights

April 6, 2021

MEITZNER, I., J., & L.
44496 STERRITT ST
STERLING HEIGHTS MI 48314-1557

RE: **44496.0 Sterritt St**
**10-10-03-229-006**
Non-Homestead, Single-Family Residential Exterior Property Maintenance Inspection Program

City Ordinance requires an exterior property maintenance inspection of *non-homestead residential* properties once every two years.

### <u>YOU MAY BE EXEMPT FROM THIS PROGRAM.</u>

Contact **586.446.2371 within 14 calendar days from the date of this letter ONLY IF:**

➢ You (the owner) no longer own this property;
➢ You (the owner) live at this property; or
➢ You (the owner) own a homestead property within the City.

If you do not meet above conditions, an exterior inspection will automatically be scheduled within 90 days. **You do not need to be present for the inspection.** The inspector will look for accumulated trash & debris, junk and/or unregistered vehicles, improperly maintained pools, overgrown landscaping, improper storage of firewood, installation of shed/roof/pool without permits, damage to gutters, doors, windows, trim, roof, etc. Any issues identified must be remedied. For further information on the City's Property Maintenance Code, please visit <u>www.sterling-heights.net</u> where Chapter 11, Article VI of the City Code is accessible via the "online services" drop down menu.

The cost of this inspection is $135. An invoice will be sent after the inspection has been completed.

Thank you in advance for your cooperation,

*Jason Castor*



**Sterling Heights**

CITY OF

InnovatingLiving

Richard J. Notte Sterling Heights City Center
City Hall
40555 Utica Rd. | P.O. Box 8009
Sterling Heights, MI | 48311-8009

**City Council**

| | |
|---|---|
| Mayor | Michael C. Taylor |
| Mayor Pro Tem | Liz Sierawski |
| Councilwoman | Deanna Koski |
| Councilman | Michael V. Radtke Jr. |
| Councilwoman | Maria G. Schmidt |
| Councilman | Henry Yanez |
| Councilwoman | Barbara A. Ziarko |

*TEL* 586.446.CITY (2489) *FAX* 586.276.4077
cityhall@sterling-heights.net | www.sterling-heights.net
facebook.com/cityofsterlingheights | twitter.com/sterlingheights

**NOTICE OF VIOLATION**
**E21-04543**

**City Manager**  Mark D. Vanderpool

05/13/2021

MEITZNER, I., J., & L.
44496 STERRITT ST
STERLING HEIGHTS, MI  48314-1557

Re:   **Notice of Violation** at 44496 Sterritt St

A recent inspection has indicated that the above address is not in compliance with the following City of Sterling Heights Codes & Ordinances:

**Trash & Debris - Residential. Please remove within 7 days. CITY CODE - 33-5 (3).**

INSPECTOR COMMENTS:   LUMBER/ WOOD DEBRIS AT SIDE OF GARAGE MUST BE REMOVED OR STORED INDOORS.

##### ***** Please correct the items as noted or contact me *****
Failure to do so <u>may</u> result in a civil infraction ticket and/or the following charges:

Follow Up Inspections ................................................................................$63.00 each
Case Referred to Ordinance Board of Appeals (OBA) ..........................$230.00
City Contractor Brings Property Into Compliance ..........................Cost + 25% administrative fee

Thank you for your anticipated cooperation.

The Code Enforcement Department has limited office hours so please call or email your Code Enforcement Officer to set up an appointment if needed.

Respectfully,

Pat Willis
Code Enforcement Officer
(586) 446 2368
pwillis@sterling-heights.net



# TREASURY

40555 Utica Road - P.O. Box 8009
Sterling Heights, MI 48311-8009
586.446.2780
www.sterling-heights.net

# INVOICE

| | |
|---|---|
| **Customer #:** | 10-10-03-229-006 |
| **Invoice Number:** | 21-0002895 |
| **Invoice Date:** | 05/31/2021 |
| **Service Date:** | 05/13/2021 |
| **Due Date:** | 06/30/2021 |
| **Invoice Amount** | **$135.00** |

**Property Address:** 44496 Sterritt ST

MEITZNER, I., J., & L.
44496 STERRITT ST
STERLING HEIGHTS, MI  48314-1557

*PAYING THIS 6/9/21*

*** PLEASE DETACH AT CREASE AND RETURN UPPER PORTION WITH YOUR REMITTANCE ***

# TREASURY

40555 Utica Road - P.O. Box 8009
Sterling Heights, MI 48311-8009
Telephone:  586.446.2780

# INVOICE

| QUANTITY | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|
| 1.000 | NON HOMESTEAD | 135.00 | $135.00 |

**NOTES:**

| | |
|---|---|
| **Total Invoice:** | $135.00 |
| **Credits Applied:** | $0.00 |
| **Payments Applied:** | $0.00 |
| **Invoice Balance:** | **$135.00** |

MAKE CHECKS PAYABLE TO CITY OF STERLING HEIGHTS
IF NOT PAID BY THE DUE DATE STATED ABOVE, A 6% LATE FEE WILL BE APPLIED.
INVOICES CAN NOW BE PAID ONLINE AT WWW.STERLING-HEIGHTS.NET
SELECT "MAKE A PAYMENT"



**Sterling Heights**
# CITY DEVELOPMENT

# NOTICE OF VIOLATION

**Date:** 5-12-21

**Address:** 44496 STERRITT

Please be advised this property is in violation of the City of Sterling Heights City Code Chapter 11, Article VI, Property Maintenance Code section 302.4, because the grass and/or weeds exceeds a height of six inches.

If this violation is not corrected by 8:00 am tomorrow, the City or its contractor will abate this nuisance by cutting the grass and/or weeds and you will receive an invoice for the cost of this service, plus administrative fees. A failure to pay the invoice will result in the unpaid balance being added to your tax bill.

If you have any questions regarding the condition of this property and your obligations to abate this nuisance, please contact the City Development Department at (586) 446-2360.

☑ FRONT LAWN       ☐ FENCE LINES

☑ BACK LAWN        ☐ CRACK LINE WEEDS

☑ SIDE LAWN        ☐ GARDEN BED WEEDS

JS 44 (Rev. 12/07)   **CIVIL COVER SHEET**   County in which action arose _____

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
LARRY ALLEN MEITZNER

**DEFENDANTS**
CITY OF STERLING HGTS, MI

**(b)** County of Residence of First Listed Plaintiff  MACOMB
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
PRO SE

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☒ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
  Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 SEC 1983; EQUAL PROTECTION / 14TH AMENDMENT
Brief description of cause:
CITY VIOLATED EQUAL PROTECTION

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $  $5,135 / $25,000
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## PURSUANT TO LOCAL RULE 83.11

1.       Is this a case that has been previously dismissed?     ☐ Yes
                                                                            ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.       Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)     ☐ Yes     ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes :

