UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY MEITZNER,

        Plaintiff,

v.

        Case No.: 21-12169
        Honorable Gershwin A. Drain

CITY OF STERLING HEIGHTS, *et al*.,

        Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [#21], DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT [#4, #5], DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS [#18], DENYING PLAINTIFF'S MOTIONS FOR SANCTIONS [#24] and [#27], DENYING PLAINTIFF'S MOTION FOR REASSIGNMENT [#31] AND DISMISSING ACTION**

I.    INTRODUCTION

Plaintiff Larry Meitzner, proceeding *pro se*, filed the instant action alleging Defendants, the City of Sterling Heights and the City's Manager, Mark Vanderpool, have violated Plaintiff's rights under the Equal Protection Clause by "assign[ing] different assessment procedures for property taxation with the same classification" and establishing "an inspection program for non-homestead property which does not apply to homestead property." ECF No. 1, PageID.2. Now before the Court are various motions filed by the parties. Specifically, Plaintiff moves for judgment on the pleadings, default judgment against both

Defendants, seeks sanctions against Defendants' counsel of record, and seeks reassignment of this action to a different district judge. *See* ECF Nos. 4-5, 18, 21, 24, 27 and 31. A hearing on these matters was held on June 9, 2022. For the reasons that follow, the Court denies Plaintiff's Motions and grants Defendants' Motion to Dismiss.

## II.   PROCEDURAL BACKGROUND

Plaintiff failed to pay the filing fee or move for in forma pauperis status when he filed the instant action. On September 16, 2021, the following deficiency notice was directed to Plaintiff: "Deficiency directed to Larry Meitzner: Initiating document filed without any form of payment or Application for In Forma Pauperis." Thereafter, on or about September 27, 2021 (marked received October 5, 2021), Plaintiff sent a letter to the United States District Court, addressed to Chief Judge Hood that opened with the following remark: "I see that you staff is up to its old tricks: playing games, parsing words, delayed mailing." (Exhibit A, Sept. 27, 2021 Lrt. to Chief Judge Denise Page Hood.) Within his letter, Plaintiff admits that the Summons and Return of Service "are neither signed nor embossed with the Court's seal" and request that the error be corrected "posthaste to avoid the deadline for filing the necessary paperwork."

Plaintiff then filed Motions for Default Judgment against the Defendants City and City Manager. The summonses were not issued by the Clerk of the Court

until November 9, 2021—four days after the default judgment motions were filed. Defendants contacted Plaintiff and offered to waive service of the Complaint and Plaintiff purportedly agreed to the waiver of service. Following the waiver of service, on December 18, 2021, Defendants filed their Answer and affirmative defenses in this action.

### III. LAW & ANALYSIS
#### A. Plaintiff's Motions for Default Judgment

Plaintiff initiated this action on September 11, 2021. On November 5, 2021, Plaintiff moved for default judgment against Defendants City and Vanderpool.

Federal Rule of Civil Procedure 55(a) requires the clerk of the court to enter default "[w]hen a party against whom a judgment for affirmance relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(a). However, due process requires "proper service of process for a court to have jurisdiction to adjudicate the rights of the parties[,]" by default or otherwise. *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003). As such, proper service under Rule 4 is a prerequisite to entry of default or default judgment. *Id.* It is the plaintiff's burden to establish service was proper. *See Sawyer v. Lexington-Fayette Urb. Cty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001).

Additionally, "[t]he entry of default is the first procedural step necessary in obtaining a default judgment." *McDonald v. De Kalb Federal Sav. & Loan*, 818 F.2d 31, 1987 U.S. App. LEXIS 6272 (6th Cir. May 13, 1987); *see also Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 783 (8th Cir. 1998) (entry of default by the Clerk under Rule 55(a) "must precede grant of a default judgment under Rule 55(b)").

In this case, Plaintiff moved for entry of default judgment prior to effectuating service on the Defendants. Moreover, Plaintiff has filed his motions for default judgment before obtaining an entry of default from the Clerk of the Court. Accordingly, Plaintiff is not entitled to default judgment.

### B. Defendants' Motion to Dismiss

#### 1. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Even though the complaint need not contain "detailed" factual allegations, its "factual

4

allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.* at 1950.

## 2. Analysis

Plaintiff is the owner of non-homestead residential real property in the City of Sterling Heights located at 44496 Sterritt Street (the "Property"). Although somewhat unclear from Plaintiff's Complaint, it appears that Plaintiff is alleging that M.C.L. § 211.7cc(1), the Homestead Exemption of the Michigan General Property Tax Act, as well as the City's non-homestead inspection program under Section 11-88 of the City's Code of Ordinances are denying him equal protection vis-à-vis homestead property owners.

Under the Michigan General Property Tax Act, "[a] principal residence is exempt from the tax levied by a local school district for school operating purposes to the extent provided under section 1211 of the revised school, 1976 PA 451, MCL 380.1211, if an owner of that principal residence claims an exemption as provided in this section." MCL 211.7cc(1). This exemption is known as the "homestead exemption" and is "only available for property that is used as its owner's principal residence." *Bennett v. U.S.*, 2010 WL 5114331 (E.D. Mich. 2010). It is undisputed that Plaintiff does not use the Property as his principal residence.

Equal protection challenges to tax or economic statutes, such as the present one, are subject to rational basis review, because no fundamental right is implicated, or suspect class presented. *U.S. R.R. Retirement Board v. Fritz*, 449

6

U.S. 166, 174 (1980). To overcome an alleged violation, there merely needs to be "some ground of difference having a fair and substantial relation to the object of the legislation." *Id*. at 175. To plausibly allege that governmental action fails under rational basis review, plaintiffs must negate "every conceivable basis which might support it." *Am. Exp. Travel Related Servs. Co. v. Kentucky*, 641 F.3d 685, 690 (6th Cir. 2011). "Courts do not consider the wisdom of the challenged action[,] and defendants do not need to offer any justification. It is enough that the reviewing court can fairly conceive of one existing." *In re Flint Water Cases*, 384 F. Supp. 3d 802, 844 (E.D. Mich. 2019). Under rational basis review, governmental action will be upheld if "any plausible justification" is offered by the government or "even hypothesized by the court." *Am. Exp. Travel Related Servs.*, 641 F.3d at 690 (citation omitted). Rational basis review is "highly deferential and courts hold governmental regulations unconstitutional under this standard only in rare or exceptional circumstances." *Doe v. Mich. Dep't of State Police*, 490 F.3d 491, 501 (6th Cir. 2007) (emphasis added).

Moreover, the "presumption of constitutionality is especially strong where tax legislation is concerned." *American Amusement Co., Inc. v. Dep't of Treasury*, 283 N.W.2d 803, 805 (Mich. Ct. App. 1979). This presumption "'can be overcome only by the most explicit demonstration that a classification is a hostile and

oppressive discrimination against particular persons or classes.'" *Id.* (quoting *Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 364 (1973)).

Here, the differential tax treatment between homestead and non-homestead property has been held to be constitutional more than 20 years ago by the Michigan Court of Appeals in *Citizens for Uniform Taxation v. Northport Public School Dist.,* 608 N.W.2d 480, 483 (Mich. Ct. App. 2000). In *Citizens for Uniform Taxation,* a group of non-exempt, non-homestead property owners challenged the constitutionality of homestead exemption on the grounds that, among other things, it violated the Equal Protection Clause of both the Michigan and federal constitutions. The Court of Appeals disagreed and upheld the constitutionality of the homestead tax exemption, stating:

> We find that the distinction between homestead and nonhomestead property in § 1211 is supported by a rational basis. We agree with the trial court that the Legislature's interest in granting an exemption to homestead property is to protect and promote homestead property, *see* House Legislative Analysis, HB 5111 et al, March 1, 1994, which is a legitimate state interest. Moreover, decreasing the burden of property taxes on homesteads by granting an exemption from the property tax mills authorized under § 1211 is certainly rationally related to that legitimate state interest. *See Rubin, supra* at 309, 416 A2d 382. The trial court properly found no equal protection violation.

*Id*. Here, protecting and promoting homestead property is a legitimate governmental interest, and the homestead tax exemption is rationally related to achieving that interest. Therefore, Plaintiff has no colorable basis on which to

claim that differential tax treatment between homestead and non-homestead property is unconstitutional, and Plaintiff's claim must be dismissed.

Plaintiff also appears to argue that the City's non-homestead inspection program under Section 11-88 of the City's Code of Ordinances also violates the Equal Protection Clause of the Fourteenth Amendment. The ordinance in question creates an inspection program for non-homestead residential properties, which requires an inspection once every two years at a cost of $135 to the property owner. Once again, no fundamental right or suspect classification is implicated or presented, so the alleged violation is subject to rational basis review.

Plaintiff likewise has no colorable argument that Section 11-88 of the Code of Ordinances is not rationally related to a legitimate governmental interest. The Sixth Circuit Court of Appeals has previously held that rental property inspection requirements are a reasonable means of advancing governmental interests in public safety and welfare. *Harris v. Akron Dept. of Public Health*, 10 Fed. Appx. 316, 319-20 (6th Cir. 2001). In *Harris*, the pro se plaintiffs challenged a City of Akron ordinance that required the registration and inspection of residential rental properties on equal protection grounds. The Sixth Circuit disagreed, holding that "the Ordinance does not violate the Equal Protection Clause as a rational basis exists for singling out rental property for regulation." *Id*. at 320. In support of this holding, the Sixth Circuit noted that the City Council declared that "deteriorated

9

rental dwellings with code violations were a threat to . . . property values" and that "45% of rental units have code violations as opposed to 17% of owner-occupied units." *Id.* at 319-20. A similar conclusion was reached by this Court in *Landon v. City of Flint*, 2017 WL 2806817, at *5-6 (E.D. Mich. Apr. 21, 2017). Section 11-88(A) of the City's Code of Ordinances explains that, like in *Harris*, the rational basis for the program is to "protect residential property values" because non-homestead properties make up 50% of the property maintenance violations in the City each year:

> As a result of the high incidence of foreclosures during recent years, the number of non-homestead residential properties in the city has risen dramatically. Statistically, such properties account for more than half of the single-family residential properties that are reviewed by the Board of Ordinance Appeals each year for exterior property maintenance violations. In the interest of protecting residential property values for residents whose homestead remains within the city, the non-homestead residential property inspection program set forth in this section is hereby created.

Exhibit C, Sterling Heights' Code of Ordinances Section 11-88.

Plaintiff also seems to argue that he should be refunded the inspection fee of $135 by the City. However, the Sixth Circuit has held that payment refunds are applicable only where the fees were both "involuntarily paid and unlawful," neither of which is present in this case. *See Halpern 2012, LLC v. City of Center Line, Michigan,* 806 Fed. Appx. 390, 396 (2020) (emphasis in original). Moreover, even if Plaintiff were to argue that the amount of the fee is unreasonable for the

10

inspection, municipal fees are presumed reasonable unless "wholly out of proportion to the expense involved." *Kircher v. City of Ypsilanti*, 712 N.W.2d 738, 744 (Mich. Ct. App. 2005). And the Sixth Circuit has held that an inspection fee of $175.00 is not unreasonable. *Halpern*, 806 Fed. Appx. at 396.

For all of these reasons, Plaintiff has failed to state a claim upon which relief can be granted, thus the Court will grant the Defendants' Motion to Dismiss and deny Plaintiff's Motion for Judgment on the Pleadings. *See Grindstaff v. Green*, 133 F. 3d 416, 421 (6th Cir. 1998)(a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is reviewed under the same standard as a motion brought pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted).

### C. Plaintiff's Motions for Sanctions

Under Rule 11, Plaintiff has the burden of establishing that a "reasonable inquiry" would have disclosed that a "pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay." *Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 335 (6th Cir. 1988). "In this Circuit, the test for whether Rule 11 sanctions are warranted is whether the conduct for which sanctions are sought was reasonable under the circumstances." *Salkil v. Mount Sterling Twp. Police Dept.*,

11

458 F.3d 520, 528 (6th Cir. 2006) "The court is 'expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted.'" *Merritt v. Int'l Ass'n of Machinists and Aerospace Workers,* 613 F.3d 609, 626 (6th Cir. 2010).

Plaintiff has failed to show that Defendants' waiver of service was unreasonable under the circumstances. Plaintiff is not entitled to Rule 11 sanctions.

### D. Plaintiff's Motion for Re-Assignment

Plaintiff's request for reassignment is also denied. Title 28 U.S.C. § 455 as states:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> > (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]

The Sixth Circuit has determined that "a judge must recuse [himself] if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *United States v. Sammons*, 912 F.2d 592, 599 (6th Cir. 1990) (alteration in original) (citations omitted). The standard is an

"objective one." *Id.* A judge therefore need not recuse himself based on the moving party's subjective view. *See Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988), *cert. denied*, 488 U.S. 1018 (1989). The burden is on the moving party to justify a judge's disqualification. *Burley v. Gagack*, 834 F.3d 606, 616 (6th Cir. 2016).

Moreover, the Supreme Court has explained that the bias which requires recusal must be personal or extrajudicial. *Liteky v. United States*, 510 U.S. 540, 548 (1994). The Sixth Circuit explained this requirement in *Wheeler v. Southland Corp.*:

> "Personal" bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases. Personal bias arises out of the judge's background and associations. The critical test is whether the alleged bias "stem[s] from an extrajudicial source and result[s] in an opinion on the merits on some basis other than what the judge learned from his participation in the case."

875 F.2d 1246, 1251–52 (6th Cir. 1990). The basis for recusal can therefore not be a judge's prior ruling. Indeed, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Under § 455, prejudice or bias means "a favorable or unfavorable disposition or opinion that is somehow *wrongful* or

13

*inappropriate*, either because it rests upon knowledge that the subject ought not to possess …, or because it is excessive in degree ….” *Burley*, 834 F.3d at 616 (emphasis in original) (citation omitted).

Upon review of Plaintiff's Motion, the Court finds that Plaintiff has not raised any personal or extrajudicial reason as grounds for disqualification. As such, Plaintiff has failed to demonstrate disqualification is warranted under the circumstances. Therefore, the Court will deny his request for reassignment.

## IV. CONCLUSION

Accordingly, for the reasons articulated above, the Defendants' Motion to Dismiss [#21] is GRANTED.

Plaintiff's Motions for Default Judgment [#4, #5] is DENIED.

Plaintiff's Motion for Judgment on the Pleadings [#18] is DENIED.

Plaintiff's Motion for Sanctions [#24] and [#27] are DENIED.

Plaintiff's Motion for Re-Assignment [#31] is DENIED.

This cause of action is DISMISSED.

SO ORDERED.

Dated: June 22, 2022 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
June 22, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager